# SAMUEL J. WALKER *et al.*

### *v.*

# LEVI ABT *et al.*

1. CHANCERY—*relief to co-defendant without cross-bill.* Where a party borrowed money of a bank under a general agreement that all collaterals should be held by the bank for any balance due from him, and gave the notes of a third party, secured by a trust deed on real estate, as collateral security, and the bank sold and assigned his note, and the purchaser foreclosed the trust deed, it was *held*, that the surplus arising from the sale could be decreed to the bank, which was made a co-defendant, without its filing a cross-bill.

2. SAME—*preservation of the evidence.* Where a decree finds facts from the evidence, and they are sufficient to sustain the decree, no other preser-

vation of the evidence is necessary. A party not satisfied with a decree finding the facts, can insist upon a certificate of evidence or bill of exceptions.

3. DECREE—*when should find precise amount.* On foreclosure of a deed of trust, where the decree directs the payment of a surplus remaining after paying the complainant to be made to a co-defendant, there being no cross-bill filed, it is not necessary it should find the precise amount due such defendant, but it will be sufficient to find that there is due him more than the surplus.

4. ERROR—*assigning error as to one not complaining.* A defendant in a chancery suit can not urge as error a ruling as to a co-defendant, which affects the rights of the latter only.

5. LIQUIDATED DAMAGES. Where a party executes his note for money loaned him, bearing ten per cent interest, with a provision that if the same is not paid within ten days after maturity, interest shall afterwards be paid at the rate of twenty per cent, as liquidated damages, there will be no error in allowing such rate in accordance with the contract, especially where usury is not pleaded.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. W. T. BURGESS, for the plaintiffs in error.

Messrs. ROSENTHAL & PENCE, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding on the equity side of the Cook circuit court, to foreclose a deed of trust, commenced by Levi Abt, complainant, by filing a bill of complaint, to which all the parties in interest were made defendants, some of whom were defaulted, and others answered the bill, among them the International Bank. Pleadings were made up, and the cause heard thereon, and a decree passed as prayed.

To reverse the decree this writ of error was sued out by Samuel J. Walker, the Singer and Talcott Stone Company and John G. Rogers, a portion of the defendants, but by stipulation, the appearance of Rogers, and all errors assigned by him, are withdrawn, leaving as plaintiffs in error, Samuel J. Walker and the Singer and Talcott Stone Company. The International

Bank, one of the defendants in the original bill, is made defendant in this court.

It appears, on July 27, 1872, the International Bank, of Chicago, held a note on Samuel J. Walker for seven thousand dollars, payable on April 15, 1873, bearing interest at ten per cent per annum, with a provision in the note if the same should not be paid within ten days after maturity, interest should thenceforth be charged and paid at the rate of twenty per cent per annum, such rate being agreed upon as the measure of liquidated damages for the non-payment thereof at maturity. At the same time, Walker endorsed and delivered to the bank, as security, a note executed by one Bryan Philpot to him, for the sum of eight thousand seven hundred and fifty dollars, payable two years after date with interest at the rate of eight per cent per annum, and bearing date September 10, 1870. At the same time, to secure the payment of this note, Philpot executed his trust deed to John G. Rogers, which was duly recorded, conveying certain premises, being those in question, to Rogers. This trust deed passed to the bank with Philpot's note. The bank, for a valuable consideration paid, sold and delivered Walker's note of seven thousand dollars, and Philpot's note and trust deed, to Levi Abt, the complainant, the bank assigning the principal note to Abt, without recourse.

It appears, so far back as July 7, 1869, Walker had entered into this agreement with the bank, then known and designated as the " International Mutual Trust Company," namely:

"CHICAGO, *July* 7, 1869.

" Whereas, the undersigned has heretofore, and intends hereafter, to borrow money from the International Mutual Trust Company, on his own note or notes, or the note or notes of H. H. Walker; and whereas, to secure the payment of such note or notes, he has heretofore, and intends hereafter, to deposit collateral securities; and whereas, such collaterals were given, and are hereafter to be given, to secure the payment of specific notes. Now, therefore, for the purpose of more fully securing the said International Mutual Trust Company, I do hereby agree that all and singular the collaterals by me given and to

be given as aforesaid, shall, at the option of the said International Mutual Trust Company, apply generally to all notes held at any time by said Trust Company, executed by me to said H. H. Walker, and shall also apply and be considered collaterals to secure the payment of any and all notes negotiated for my account by said Trust Company."

In their answer the bank set up this agreement, and claimed the benefit thereof in case there should be a surplus after paying complainant his debt and costs. The bill was taken as confessed against Walker and Philpot, they making no defense or claim of any kind.

The decree finds, on evidence introduced, the amount due complainant on the note of Walker of seven thousand dollars, to be the sum of nine thousand one hundred and fifty eight dollars and thirty-two cents, calculating the interest at the rate of ten per cent per annum, to the time of its maturity, and twenty per cent per annum after that time. The decree also found there was due on the Philpot note twelve thousand three hundred and one dollars and ten cents. The decree also found that Walker was indebted to this bank in a sum much larger than the amount due on the Philpot note, finding the bank was entitled to receive any surplus arising from a sale of the premises, remaining after paying complainant the amount due on the Walker note, but not to exceed the difference between the amount due upon the Walker note, and the amount due upon the Philpot note. The decree also found that the judgment creditors of Philpot, who were parties defendant, were entitled to have applied upon their judgments whatever surplus might remain, after payment of the full amount due upon the Philpot note, according to their respective rights, in due order.

The court decreed, also, that the amount due on the Philpot note, as above stated, be paid into court within twenty days, for the benefit of the parties entitled to the same, by the defendants or some of them, or. in default thereof, that the premises be sold by the master, and that the proceeds be distributed: First, by payment of the amount due complainant, found to

be nine thousand one hundred and fifty-eight dollars and thirty-two cents. Next, by payment of the difference between the amount due on the Walker note and the amount due on the Philpot note, to the International Bank; and next, to the judgment creditors of Philpot. The decree excluded Rodgers from becoming a purchaser at the sale.

The master made the sale to complainant, and after his claim was satisfied there remained a balance of one hundred and thirteen dollars and ninety-five cents, which was paid to the bank. The sale was confirmed, no objections being interposed thereto.

This decree is assailed principally by Walker, the other plaintiff in error, the Singer and Talcott Stone Company alleging nothing against it.

The point made against the decree is, inasmuch as the bank filed no cross-bill, the relief prayed for by the bank, in their answer, was improperly granted. The relief granted the bank was, that it should be allowed to appropriate the surplus of one hundred and thirteen dollars and ninety-five cents towards the payment of Walker's indebtedness to them under the agreement of July 7, 1869.

There is no complaint the decree foreclosing the trust deed was not regular. There being no error alleged in that respect, complainant ought not to be deprived of the benefit of his decree, but the bank only, if the bank is not entitled to the surplus. We are inclined to hold, the bank being a party to the proceedings and a co-defendant with Walker, and Walker properly brought into court, he had his day in court, and could have, then and there, contested the claim set up by the bank, and filed a cross-bill himself, which he would have done had he conceived he was about to be deprived, by the bank, of important rights. Walker could have made an issue on this point had he chosen so to do. But on reference to the master, to settle the question of distribution, Walker could then have presented his claim to this small surplus, as was allowed by this court in *Ellis* v. *Southwell,* 29 Ill. 549, and in a later case, *Derrick* v. *The Lamar Insurance Co.* 74 Ill. 404, where a

person, not a party to the proceedings, was permitted to present his claim to the master for allowance. The bank did no more; as defendants, having made the claim in their answer, they had a right to prove it. We think there was no necessity for a cross-bill by the bank, to justify this order of the court.

We have said, by the subpœna served on Walker, he had, in contemplation of law, a day in court to redeem the Philpot pledge of note and deed, and for every other legitimate purpose connected therewith, either by answer, plea, or cross-bill. What was to prevent him from being fully secured in any legitimate form? He had twenty days, by the decree, to take up those papers and satisfy the decree before the sale. Where there is a strict foreclosure, as in the cases cited by plaintiff in error, reasonable time to redeem is allowed as of right.

The point, that the record contains no certificate of the evidence, is not well taken. This court has often said, where the decree finds the facts, and they, as found, are sufficient to sustain a decree, no other preservation of the evidence is necessary. A party, not satisfied with a decree so finding facts, can insist upon a certificate of evidence or bill of exceptions. The recitals in the decree are a sufficient preservation of the evidence. *Moore* v. *School Trustees*, 19 Ill. 83; *Cooley* v. *Scarlett*, 38 ib. 316; *Walker* v. *Carey*, 53 ib. 470.

It is urged, the decree does not find the precise amount due from Walker to the bank. We think that is unimportant, as the bank, in this proceeding, could appropriate no more than the difference between the amount due on the Walker note and interest, held by the complainant, and the amount due on the Philpot note held as collateral. The decree finds the indebtedness of Walker to the bank was more than the whole amount due by the Philpot note, and that was a sufficient finding.

As to the exclusion of Rogers from becoming a purchaser, Rogers makes no complaint, and it could work no injury to plaintiffs in error, or to either of them.

The allowance of twenty per cent as liquidated damages, after the maturity of the Walker note, is sanctioned by *Lawrence* v. *Cowles*, 13 Ill. 577; *Blair* v. *Chamblin*, 39 ib. 529; *Bane* v. *Gridley*, 67 ib. 388; *Witherow* v. *Briggs*, 67 ib. 96; *Downey, Admr.* v. *Beach*, 78 ib. 53.

Had the defense of usury been interposed, these cases would be decisive.

Perceiving no error in the record, the decree is affirmed.

*Decree affirmed.*