## LOUIS SUES

### v.

## FREDERICKA ALTHEN LEINOUR.

1. DOWER—JUDGMENT CREDITOR—LIEN MADE SPECIFIC.—Where land belonging to A was subject to three mortgages, and appellant recovered judgment against A, and within one year execution was duly issued thereon and placed in the hands of the sheriff for collection and by him returned *nulla bona*, and A, appellee's husband, having died intestate, upon the foreclosure of said mortgages appellee and appellant were both made parties to the suit, and appellee put in a claim, by way of answer, to her dower in the surplus, and appellant his claim to the amount of his judgment lien on the

land in the surplus, and the amount of his debt was decreed to be paid to him after taking out the amount of the widow's dower. *Held*, that the decree of foreclosure fixing the lien of the appellant on the realty and on the surplus had the effect to make it specific and to establish the rights of appellant to the surplus, just as securely as it could have been done by levy and sale.

2. SUBSEQUENTLY ACQUIRED RENT—WIDOW'S AWARD.—Where it appeared that certain moneys in the hands of the master were received by him for rents becoming due on the property in question between the date of the master's sale and the time of redemption, and this money was claimed by appellant to be properly applicable to the payment of his judgment. *Held*, that the claim is good, subject, however, to the widow's right of dower. The widow not being a " creditor of the ancestor " in respect to her award, could not claim this rent under the statute. (R. S., Ch. 59, § 12.)

APPEAL from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed August 7, 1885.

On the 1st day of May, 1874, John Althen and appellee, who was then his wife, having since his death intermarried with Leinour, executed a mortgage to R. L. Devine for $2,500 on his business block, which was worth about $6,000. On the 18th day of February, A. D. 1875, said Althen and appellee, his wife, executed a second mortgage on the same premises to Henry Roth to secure payment of note for $400. On the 11th June, 1874, the same parties executed another mortgage on the same premises and also his homestead property, to Daniel Pierce, to secure the payment of note of said Althen for $1,000, the notes all bearing interest at the rate of ten per cent. per annum. On the 23d day of May, A. D. 1876, appellant recovered a judgment in the circuit court against the same John Althen for the sum of $919.23 and costs, and within one year after the recovery of the judgment, execution was duly issued thereon and placed in the hands of the sheriff for collection and by him duly returned, *nulla bona*. On the 23d day of October, 1879, John Althen died intestate, leaving surviving him his widow, the appellee, and one child. On June 18, 1880, John Plain became the owner by assignment of the said two notes and mortgages so executed to said De-

vine and Pierce respectively. On the 4th day of May, 1880, all the said notes having become due and being unpaid, Henry Roth commenced his suit of foreclosure in the circuit court to foreclose his said mortgage, and on the 18th day of June, 1880, said John Plain filed his said cross-bill in said suit to foreclose his said two mortgages, making appellee and appellant parties defendant to said cross-bill, and both appeared and filed their answers thereto. The appellee set up and claimed her rights of homestead on her homestead lot, and her dower right in the other surplus after paying the mortgages, costs, etc. Appellant set up and claimed his rights as judgment creditor, and asked that the surplus that might remain after payment of the mortgages and costs of foreclosure might be paid to him as judgment creditor. On the 15th day of December, 1883, the circuit court entered its decree in said foreclosure proceeding in and by which decree it was found: That there was then due and unpaid to said John Plain upon his said note and mortgage as assigned to him by said Devine, the sum of $3,574.20, and upon his said note and mortgage so assigned to him by said Pierce, the sum of $1,686.30, and that said John Plain was entitled to a decree of foreclosure and sale on his said mortgages for said amounts, and that said Henry Roth was entitled to a decree of foreclosure and sale on his said mortgage for the sum of $750.96, which sum was found due and unpaid to him; that said mortgages were liens upon the premises covered by the same, in the order as above stated, except that said Pierce mortgage was a first lien on said homestead premises; that upon sale of said mortgaged premises and from the proceeds thereof, after the payment of the amount so due upon the mortgages as above stated, and the costs of suit and of sale, if any surplus there should be after such payments, the said Fredericka Althen is entitled to dower, and after the payment to her of her dower therein there should first be paid the said judgment in favor of Louis Sues, upon which judgment there was then found to be due said sum of $1,342.70, and which judgment was by said decree found to be a lien upon all of said premises; that in and by said decree it was ordered, adjudged and decreed, that unless

said several sums of money, so found due to said mortgage creditors, should be paid to the several parties entitled thereto within ten days from the filing said decree, with interest thereon from the date of said decree, together with all costs, that said mortgaged premises should be sold by the master in chancery, etc., and that at such sale the homestead lot should be first sold to satisfy the Pierce mortgage. That the said master should pay out and distribute the proceeds of such sale after paying costs: first, the amount due on the Plain mortgage; second, amount due on the Roth mortgage; and third, that the master bring the residue into court to abide the order of court.'

In pursuance of this decree the master made the sale, and after payment of all the mortgage indebtedness and costs there remained a surplus in his hands of $677.85, which was reported to the court, and the report approved February 28, 1884. That on the 2d day of February, A. D. 1884, said Fredericka Leinour (formerly Althen) filed her petition in said suit, asking that said surplus and the rents hereinafter mentioned be distributed to her; that her dower be first assigned to her out of said surplus, and out of said rents, and that the balance of said surplus and rents be paid to her as administratrix of the estate of John Althen, deceased, to apply upon her award as such widow of John Althen, deceased; that on the 12th day of March, A. D. 1884, said Louis Sues filed in said circuit court his answer and cross-petition to said petition of said Fredericka Leinour, asking that said surplus and said rents hereinafter mentioned be distributed to him to apply upon his said judgment; that on the 26th day of January, A. D. 1884, said Fredericka Leinour was by the county court of said De Kalb county, duly appointed administratrix of the estate of John Althen, deceased, and letters of administration were by said county court, on said day last mentioned, duly issued to her, and she gave bond and duly qualified as, and still is, such administratrix; that appraisers were duly appointed by said county court to appraise the personal property belonging to said estate, and to fix the amount of the widow's award; that the appraisers fixed the

amount of her award at $900; of that amount she received the amount of the personal property to amount of $98.40, and the balance of $801.60 was allowed against the estate as of second class claims.   That the stone building would continue to be rentable, until the time of redemption expired, at $600 per year.   On February 14, 1883, the court ordered the master to collect such rents from and after 15th January, 1884, till further order of court.   On the 9th April, 1834, upon a hearing of the petition of appellee and cross-petition of appellant, a decree was entered by the court awarding to appellee as follows: First, dower in the sum of $140 amount of surplus; second, the rents to accrue and fall due after the sale and up to the time of redemption, and the balance of the surplus of $536.85, remaining after deducting dower of $140, to be applied to the payment of her award allowed by the county court against the estate of John Althen, deceased.   The court further decreed that the master collect the above mentioned rents, and from time to time pay them to appellee; to all which proceedings the appellant duly excepted.

Mr. A. J. HOPKINS, Mr. N. J. ALDRICH and Mr. GEORGE W. DUNTON, for appellant.

Mr. L. LOWELL and Mr. J. J. FLANNERY, for appellee.

LACEY, P. J.   The question presented in this record is whether the appellee is entitled to dower interest in the rents subsequently accruing, for it is conceded by appellant that she is entitled to dower out of the surplus.

The point of law on which the appellee rests her claim is that the lien of the appellant created by his judgment was only a general one and not specific, and that by the sale of the premises the character of realty was extinguished as to all the surplus, and as against appellant's judgment the surplus was freed from the general statutory lien, and was and became personal property in the hands of the master, liable to general distribution, after being paid to the administrator, to the general creditors of the estate, and the appellee's claim being first in order of payment must be paid first.

The court below seemed to take this view of the law, and, therefore in its final decree found " that the appellant had not made his lien specific before said foreclosure sale, either by sale under or levy of execution issued on his said judgment in respect to the property sold under said decree of foreclosure."

On the other hand it is contended that the appellant's judgment lien was made specific by his position in the foreclosure suit, and by the decree of the court declaring his lien and right to the surplus.

This is one of the questions this court is called upon to decide and the main one. The case of Pahlman et al. v. Shumway et al., 24 Ill. 128, is relied on by appellee as being in point and as proving the right of her claim here contended for. In that case one Rossiter and wife executed a trust deed to Shumway to secure certain indebtedness, and afterward Shumway sold the premises under a trust deed, and after paying the mortgage there remained a surplus in his hands. There were some judgment creditors of Rossiter, whose judgments were subject to the trust deed who had not levied on the land. The surplus was claimed by the judgment creditors and also by the executor of Rossiter, and on a bill of interpleader filed by Shumway, and the case going to the Supreme Court, the court decided that the administrator was entitled to the surplus. The court declared that the judgments were liens on the land subject to the trust deed, but that in order to make the claims available the judgment creditors should have caused the lands to have been levied on and sold subject to the deed, but not having done so the sale under the deed reduced the surplus to personalty, to which the general judgment lien did not attach.

We think there is a distinguishable difference between this case and the one cited. In that case the sale took place before any attempt was made to make the lien specific, and the adjudication took place after the sale under the trust deed. In this case the suit of foreclosure was pending, in which suit appellee and appellant were both parties, and in which the appellee put in a claim by way of answer to her dower in

the surplus, and the appellant his claim to the amount of his judgment lien on the land to the surplus, and thus the matter stood until the decree of foreclosure was passed, Dec. 15, 1883, in which the rights of the parties were declared by the court, and the amount and grade of appellant's lien fixed and the amount of his debt decreed to be paid to him after taking out the amount of the widow's dower; and because of the uncertainty of the amount, it was decreed to be brought into court subject to the order of court. The next month following this final decree, appellee, on 26th January, 1834, was appointed administratrix of the estate of John Althen, deceased, and the proceedings commenced which finally culminated in the final decree awarding her the surplus. Not a word of this claim was heard till after the decree of foreclosure was passed, and no pretense of priority till after the sale, when the claim in question was for the first time made. We think that the decree of foreclosure fixing the lien of the appellant on the realty and on the surplus, had the effect to make it specific, and to establish the rights of appellant to the surplus just as securely as it could have been done by levy and sale. In the foreclosure proceeding the appellant need not file a cross-bill, for he had no right to ask for a foreclosure in his favor on a mere judgment, but did have the right, when made a party to the foreclosure proceedings, to ask to have his interest protected, and to have decree in his favor for the surplus. It was not at all necessary to file a cross-bill. He had a right in his answer to have his lien declared, which was done in this case. This has been the established and recognized rule in courts of equity in this State for many years. Ellis v. Southwell, 29 Ill. 549; Walker et al. v. Abt et al., 83 Ill. 226; Crocker et al. v. Lowenthal, 83 Ill. 580. It was said in the Ellis-Southwell case above, " It seems to be the practice on a bill of foreclosure to make all incumbrancers parties, and upon passing a decree of foreclosure to ascertain and settle the right of all the parties, decree the payment of the mortgage debt, and on default, a sale of the premises, and the application of proceeds in satisfaction of each incumbrance according to priority and the payment of any surplus to the mortgagor."

In the case of Sherman v. Skinner above cited, it was held that judgment creditors were necessary parties, and that it was proper for a decree in case of foreclosure to protect their interests and to order the surplus in the master's hands after paying the mortgage to be paid to such judgment creditors. We can perceive no reason why the lien of the appellant was not made specifically and determinatively as though an execution had been issued on his judgment and a levy made. He manifests his intention to rely on this surplus for the payment of his judgment by claiming it in his answer and obtaining the decree of the court in his favor, and in a case over which the court had jurisdiction and power. After this decree of foreclosure passed, an execution and levy would have been improper and a useless expense and costs, and no doubt would have been restrained if attempted by order of court, if its attention had been called to such an attempt on the part of the appellant. We therefore conclude that the court below had no right to set aside the decree in favor of appellant giving him this surplus. The lien was continued in the surplus by virtue of the proceeding in the foreclosure suit just as effectually as it would have been by levy and sale of the equity of redemption.

It appears that certain moneys are in the hands of the master, received by him for rents becoming due on the property in question between the date of the master's sale and the time of redemption, and this money is claimed by appellant to be properly applicable to the payment of his judgment. We think the claim is good, subject, however, to the widow's right of dower.

This rent would properly go to the heir at law of the deceased, Althen, but as by Sec. 12, Chap. 59, R. S. 1874, the heir in respect to such rents is liable to pay the debts of the ancestor, and liable in this case to pay such rents or the value thereof to appellant if proper suit is brought, and this matter being in a court of equity, it will proceed to appropriate it to the payment of the debt against the ancestor, the appellant herein, and not require the appellant to proceed at law under the statute. The widow not being a "creditor of the ances-

Sues v. Leinour.

tor" in respect to her award, could not claim this rent under such statute. We therefore think that appellant is entitled to this rent, after deducting the one third for the widow's dower.

For these reasons we reverse the decree and remand the cause, with directions to render a decree in accordance with this opinion.

Decree reversed and cause remanded.