William Geffinger *et al.*

*v.*

Caroline Klewer.

*Opinion filed April 17, 1906.*

Appeals and errors—*recitals of legal conclusions in decree do not take place of certificate of evidence.* Recitals in a decree for a complainant in a bill to remove cloud from title, that the complainant's grantor was at the time of the execution and delivery of the deed of sound and disposing mind, that the consideration was adequate and that the deed was obtained in a lawful manner, without fraud or undue influence on the part of the complainant or anyone, are in some particulars recitals of legal conclusions, and are not sufficient to supply the place of a certificate of evidence and sustain the decree.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

ERNEST SEVERY, for appellants.

LEOPOLD SALTIEL, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellee filed her bill in the superior court of Cook county to remove an alleged cloud from title to certain real estate in Cook county. The bill alleges that she is the owner of the property therein described; that since she took title to said property she has been, and is now, in actual possession and has paid all taxes thereon; that the property was deeded to her February 25, 1903, by Johanna Geffinger and Peter Geffinger, her husband; that the consideration for said deed was one dollar, love and affection and an agreement entered into between the grantors and appellee, etc.; that the grantors were of sound and disposing mind when they executed and acknowledged said deed; that appellants, claiming to be heirs-at-law of Johanna Geffinger, filed in the office of the recorder of Cook county a certain notice alleging that the title to said property was obtained by appellee by undue influence and fraud and without adequate consideration, etc., and that steps were to be taken to set aside said deed. The prayer of the bill is that said notice be by the court declared null and void and without force and effect upon the title of the property in question. Appellants answered said bill, and also filed a cross-bill setting up what they considered were their rights in the property, and asked for partition of the same. Appellee filed an answer to the cross-bill, and the cause was tried before the court without reference to the master and a decree entered finding the issues for the complainant in the original bill and dismissing the cross-bill.

No certificate of evidence is presented to sustain the decree, and the question therefore presented is whether or not

the decree itself contains sufficient evidence upon which we can determine whether or not there was evidence to sustain it.

The only findings of fact found in the decree are as follows: "This court further finds that the said Johanna Geffinger has since the executing and delivering of the said deeds departed this life, and that the said Johanna Geffinger was at the time of the execution and delivery of the said hereinbefore described deeds to the said Caroline Klewer of sound and disposing mind, and that the consideration passing from the said Caroline Klewer to the said Johanna Geffinger and the said Peter Geffinger, her husband, for the execution and delivery of the said deeds, was fully adequate, and that the said deeds of conveyance were by the said Caroline Klewer obtained in a lawful and proper manner, and that the said Caroline Klewer did not use undue influence in obtaining the said deeds of conveyance, nor that there was any undue influence used by anyone in the obtaining of the said deeds of conveyance."

In the case of *Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301, the identical question was presented, and the court there said: "The plaintiff in error contends that the decree must be reversed on the ground that there are no findings of fact or certificate of evidence in the record. In chancery cases the practice is well settled in this State that the party in whose favor a decree granting relief is entered, to maintain it must preserve the evidence by a certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing, and that it is not the duty of the party against whom the decree granting relief is rendered to preserve the evidence," citing cases. It is also stated in the above cited case that the decree must find "specific facts," and that the mere statement of "legal conclusions" is not sufficient. If the decree contained any facts upon which to warrant the decree, then the sufficiency of the evidence to warrant the decree could not be considered by us unless the party appealing presented a certificate of evi-

dence, provided the decree showed, as in this case, that oral evidence was introduced. (*Allen* v. *Henn,* 197 Ill. 486.) The findings in this decree as to some of the material facts necessary to sustain it are mere legal conclusions, and not sufficient to supply or take the place of a certificate of evidence, and are not sufficient to determine whether or not the evidence warranted the decree.

We deem it unnecessary to discuss the errors assigned and presented by the record as it now stands, for if the evidence was before us it might obviate them.

The decree of the court below is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*