WILLIAM GEFFINGER

*v.*

· CAROLINE KLEWER.

*Opinion filed June 19, 1907.*

1. PLEADING—*court may permit replication to be filed after the regular time.* If the plaintiff or complainant has omitted to file a replication at the proper time it is within the power of the trial court to allow it to be filed later.

2. APPEALS AND ERRORS—*setting aside a default is discretionary with trial court.* Setting aside a default is within the discretionary powers of the trial court, and unless it is shown that there was an abuse of discretion a court of review will not interfere.

3. SAME—*when appellant cannot complain that no order of default was entered.* A defendant who appeals from a decree cannot complain that no order of default was entered as to certain other defendants who filed no answer, where the latter are not parties to the appeal and their situation and interests in no way affect the appellant's rights.

4. SAME—*findings of decree need not give the evidence.* Findings in a decree to the effect that certain grantors of the complainant were of sound and disposing mind and memory and that the grantee did not exercise any undue influence are sufficient upon such points without any recital of the evidence upon which the findings were based.

5. SAME—*when certificate of evidence is not necessary.* If the findings in a decree justify the relief granted under the prayer for general relief the decree will be sustained, notwithstanding there is no certificate of evidence.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

ERNEST SEVERY, for appellant.

LEOPOLD SALTIEL, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill in chancery filed in the superior court of Cook county by Caroline Klewer, appellee herein, to remove cloud from title to certain real estate in Cook county.

The bill charges that appellee is the owner of the real estate in question in fee simple by virtue of two quit-claim deeds, both dated February 25, 1903, and executed and delivered to her by Johanna Geffinger and Peter Geffinger, her husband, for a consideration of one dollar and love and affection, together with an agreement on the part of the grantee to support the grantors during their natural lives; that the second deed was made to correct an error in the description in the first, and conveys the same property. The bill also alleges that the appellee, since she became the owner of said real estate by virtue of said deeds, had been in actual possession of said property and paid all taxes and assessments on the same as they came due; that the grantors, Johanna Geffinger and Peter Geffinger, were the parents of appellee at the time the said deeds were executed and acknowledged, and that the said Johanna Geffinger and Peter Geffinger were of sound and disposing mind. It is further alleged that on the 13th day of January, 1904, William Geffinger, appellant herein, Julia Stockbridge and Henry Geffinger, claiming to be the heirs-at-law of Johanna Geffinger, deceased, filed in the office of the recorder of Cook county, and had recorded therein, a notice charging that the appellee had obtained the title to the said property by undue influence and without adequate consideration, and that steps are to be taken to set aside said deeds. The notice describes the real estate in question, and a copy of the same was attached to and made a part of the bill. The bill charges that the allegations set forth in said notice are absolutely without foundation and are malicious fabrications, etc., and alleges that the filing of said notice operates as a cloud upon the title to said real estate and prevents the full and undisturbed enjoyment of the same which the grantors in their said deeds intended her to have. The bill concludes by making the above parties, William Geffinger, Julia Stockbridge and Henry Geffinger, defendants, and prays that the court de-

cree said notice to be null and void and without effect as to the title of appellee to the property in question.

Defendants filed their answer, admitting the execution of the deeds but claiming that said deeds were obtained through undue influence and without consideration. William Geffinger and Julia Stockbridge filed a cross-bill, again admitting the execution of the deeds but alleging undue influence on the part of appellee in obtaining the same, and praying that they be set aside, appellee compelled to re-convey the property, that partition be made of the same, and naming themselves, with others, as tenants in common. The answer to the cross-bill denied all the material allegations thereof.

The cause was tried and a decree rendered dismissing the cross-bill and granting the relief prayed for in the original bill. From this decree an appeal was prosecuted to this court, and the same was reversed and the cause remanded for further proceedings because the findings did not sufficiently support the decree. (*Geffinger* v. *Klewer,* 221 Ill. 184.) The cause was re-instated and again heard in the superior court of Cook county, and on September 28, 1906, the cross-bill was again dismissed and a decree entered granting the relief prayed for in the bill. From this decree the present appeal is prosecuted.

It appears that this cause was heard before the Hon. Joseph E. Gary, one of the judges of the superior court of Cook county, and that before signing the certificate of evidence Judge Gary died. Afterwards, when the certificate of evidence was presented to the Hon. Willard M. McEwen, another of the judges of the said court, he declined to sign the same, but suggested that if either party would make a motion he would hear evidence to satisfy himself that the said certificate of evidence was correct, and if the evidence showed the said certificate of evidence to be correct and the same as was heard before Judge Gary he would so certify. No hearing was had and no certificate of evidence was

signed. Since the above offer was made to *either party,* it was within the power of appellant to bring said evidence before this court. As the matter now stands we are compelled to rely upon what appears in the record and the findings in the decree for information as to facts in the case, and we find nothing therein to justify the contention that the decree was against the law and the evidence.

Appellant's second and sixteenth assignments urge that the trial court should have refused to allow appellee to file replication at the time she did. Early in the history of this court the rule was laid down, and has been uniformly sustained, that where the plaintiff has omittted to file replication at the proper time the court may allow it to be done later. *Jameson* v. *Conway,* 5 Gilm. 227.

It appears that this cause was at one time dismissed for want of prosecution but upon a proper showing by the appellee the court set aside the default and re-instated the case, and appellant assigns this ruling as error. Setting aside a default is clearly within the discretionary powers of the trial court, and unless it is shown that there was an abuse of this power this court will not interfere. *Scales* v. *Labar,* 51 Ill. 232; *Powell* v. *Clement,* 78 id. 20; *Constantine* v. *Wells,* 83 id. 192.

It further appears that certain parties defendant made no answer and no order of default was entered against them. Appellant assigns this as error. The defendants referred to are not parties to this appeal and have no consideration here. Their situation and interest in no way affect the rights of this appellant and cannot be successfully urged by him as grounds for reversal. *Walker* v. *Abt,* 83 Ill. 226; *Ellis* v. *Southwell,* 29 id. 549; *Derrick* v. *Lamar Ins. Co.* 74 id. 404.

All the other errors assigned are in the nature of objections to the findings in the decree. The only relief prayed for in the bill is the removal of the notice filed and recorded, as a cloud on appellee's title. This notice contained a charge

which put in question the title of appellee to the property.
If the allegations in her bill be true she is entitled to the
relief prayed for.  The trial court in the decree finds "that
the complainant, Caroline Klewer, has proven all the ma-
terial allegations in her bill of complaint; that the said
Caroline Klewer has actual possession of the premises here-
inbefore described and had actual possession at the time of
bringing her suit; that the said Caroline Klewer has ac-
quired title to the said described premises by two quit-claim
deeds duly recorded in the recorder's office of Cook county,
Illinois; that the said deeds have been properly acknowl-
edged by a notary public in and for Cook county, an officer
duly authorized to make such acknowledgments, both the
signature and the notarial seal of the said officer appear-
ing upon the said deeds; that both the deeds have been
signed and acknowledged by Johanna Geffinger and Peter
Geffinger, her husband, and both of said deeds have been
delivered to the said Caroline Klewer by said Johanna Gef-
finger and Peter Geffinger."  The decree further finds that
"the said Johanna Geffinger has since the execution and de-
livering of said deeds departed this life, and that the said
Johanna Geffinger was at the time of the execution and de-
livering of the said hereinbefore described deeds to the said
Caroline Klewer of sound and disposing mind, and that the
consideration passing from the said Caroline Klewer to the
said Johanna Geffinger and the said Peter Geffinger, her
husband, for the execution and delivery of the said deeds,
consisted of love and affection, and further of an agreement
of the grantors with the grantee to support the grantors
during their natural life, and that the said Caroline Klewer
was the daughter of Johanna Geffinger and has carried out
said agreement; and this court therefore finds that the said
consideration was fully adequate and that said deeds of con-
veyance were by said Caroline Klewer obtained in a lawful
and proper manner, and that the said Caroline Klewer at
no time requested or demanded from the said Peter Gef-

finger a conveyance of said premises and did not use any undue influence in obtaining the said deeds of conveyance." The court then finds that the notice described in the bill is a cloud upon the title of appellee, and concludes its findings as follows, viz.: "The court further finds that none of the material allegations made by the cross-complainants in their cross-complaint have been proven." The decree then proceeds to order the said notices annulled and the cross-bill dismissed.

Both the deeds and the agreement to support the grantors therein are in the record. The deeds contain all the elements necessary to convey title. The consideration is sufficiently set forth in the findings. It is not necessary to give the evidence of witnesses in the recitals, and the findings that the grantors were of sound and disposing mind and that the grantee did not use any undue influence in obtaining the deeds are sufficient on those points. In the case of *Dalton* v. *Roach,* 89 Ill. 85, this court held that where the findings in a decree in chancery justify the relief granted under the prayer for general relief, and there is no certificate of evidence, the decree will be sustained. This rule is good law and applies in this case. The findings in this case are sufficient to support the decree herein. In addition to the findings, the deeds under which appellee claims title and the agreement to support the grantors are in the record as exhibits to the bill and are made a part of the record in this way, and an inspection of these instruments answers many of appellant's objections.

We have considered every point urged by appellant and see no grounds for reversal.

The decree of the court below will be affirmed.

*Decree affirmed.*