Florence A. Engstrom and Maria G. Engstrom, Plaintiffs in Error, v. City of Rockford and Arthur E. Rutledge, Defendants in Error.

**Gen. No. 8,601.**

236

Opinion filed May 25, 1933. Rehearing denied June 21, 1933.

C. A. PEDDERSON, for plaintiffs in error.

A. PHILIP SMITH, DAVID D. MADDEN and WILBUR E. JOHNSON, for defendants in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Florence A. Engstrom and Maria G. Engstrom are the owners of certain real estate located in the City of Rockford, Winnebago county, State of Illinois. They filed their bill of complaint in the circuit court of Winnebago county to the chancery side thereof to the January Term, 1932. The said bill prayed for a temporary injunction to restrain the City of Rockford and Arthur E. Rutledge from in any way interfering with their said real estate, description of which was set forth in full in their bill of complaint. The bill prayed for a restraining order to prevent the defendants from removing certain steps, buttresses, appurtenances and canopies from the complainants' property. A temporary injunction was granted by the court after the complainant had filed a bond in the sum of $500, which bond was approved by the court.

The defendants entered a motion to dismiss the temporary injunction for the reason that there was not a proper bond filed. This motion coming on for a hearing, plaintiffs asked leave and were granted per-

mission to file a new bond. The new bond was filed, and the motion to dissolve the temporary injunction was again filed. The answer to the new bill set up the location of the entrances, steps, approaches and canopies. After this the plaintiffs in error were granted leave to file an amendment to said bill, and the defendants in error filed an amended answer thereto. The matter was heard upon the motion to dissolve the temporary injunction and the court ordered that said temporary injunction be dissolved and the bill dismissed for want of equity.

Suggestion of damages was filed by the defendant, Arthur E. Rutledge, and the case came on for a further hearing before the court upon the damage because the complainant had procured said temporary injunction. The court awarded and entered judgments against the complainants and also against the sureties on the bond, Hugh T. Brown and E. W. Engstrom, for $300 for solicitor's fees, for procuring the dissolution of the temporary injunction. To the entering of this decree the defendants (the complainants below) excepted and prayed an appeal to the Appellate Court of the Second District of the State of Illinois. Instead of perfecting their appeal a writ of error was sued out and the case is in this court to be heard on a writ of error brought here by the original complainants.

Many reasons are assigned by the plaintiffs in error for a reversal of this judgment. The principal and main argument presented by the plaintiffs in error in this case, is: that the court heard the case on its merits and dismissed the appeal, and for this reason it was error for the court to allow any solicitor's fees for the defendants.

There is no certificate of evidence filed in this case, so the only thing that is presented to this court is the sufficiency of the decree and it must speak for itself. If there is no certificate of evidence in the

record of a chancery cause, the Appellate Court can only consider those matters which appear from the pleadings and orders, and the decree of court. *Perrine v. Reed,* 155 Ill. App. 213.

It is the contention of the plaintiffs in error that the court allowed the solicitor's fees for the defendants on a hearing on the motion to dissolve the temporary injunction. This we think is the correct rule. In the case of *Marks v. Columbia Yacht Club,* 219 Ill. 417, 419, the court clearly states the rule as follows:

"The allowance of these damages for service rendered in obtaining the dissolution of the temporary injunction is governed by section 12 of chapter 69. (Hurd's Stat. 1903, p. 1042.) This section has been upon the statute books for over a quarter of a century and has been before this court for construction on many different occasions. One of the latest cases is that of *Landis v. Wolf,* 206 Ill. 392, where we reviewed our former decisions and held that solicitors' fees which are necessarily incurred in procuring the dissolution of an injunction may be allowed as damages, but that where an injunction is merely ancillary to the principal relief sought by the bill and its dissolution is only incidental to the defense made and the counsel fees are incurred in defending the suit generally or in the management of some other branch of the case, they cannot be assessed as damages. The damages allowed by the statute are only those sustained by reason of an improper and wrongful suing out of the injunction, and the solicitors' fees can only extend to the motion to dissolve. It makes no difference whether there was a demurrer interposed or not, or that the knowledge about the case gained upon the hearing of the motion to dissolve was subsequently used upon the trial of the case on its merits. If the injunction is the primary object of the suit and a motion is made to dissolve, counsel will be entitled to a reasonable fee based upon the labor performed in the attempt to dissolve."

The court in its final decree found, among other things, as follows: "The court doth further find that afterwards, there was a hearing upon said motion to dissolve said temporary injunction and upon the merits at which, evidence was introduced, both oral and documentary, and at which there were arguments of counsel, and the court was fully advised in the premises, and that thereupon this court entered an order dissolving said temporary injunction and that thereupon there was filed in this court a suggestion of damages by the said Arthur E. Rutledge, caused to him by the wrongful suing out of said temporary injunction and that the hearing upon said suggestion of damages was continued until the further order of this court."

The court further found that the hearing had on this suggestion of damages was continued from time to time until August 3, 1932, at which time the different parties to the suit were attended by their respective attorneys. And the order further recites: "And the court having considered the evidence introduced upon the hearing, both oral and documentary, and the arguments of counsel, and being fully advised doth find therefrom that the said Arthur E. Rutledge was one of the defendants in said original bill; that he was restrained by the temporary injunction of this court from in any manner going upon, trespassing, removing, or destroying the steps, canopies, approaches or entrances" to certain buildings, etc. It will thus be seen that the decree recites that the court heard the evidence and was fully advised before making his decision, and where it appears by the decree that proof is heard in open court, such findings will be presumed to be correct. *Geffinger v. Klewer*, 227 Ill. 598.

An examination of the decree also discloses that the court found that the defendants employed counsel to represent them and were actually represented at the hearing on the motion to dissolve the temporary in-

junction. When it appears from the record that the court heard proof and the decree recites that certain facts appeared to the court but the evidence is not preserved in the record, the presumption is that the court found such facts from the evidence that was heard before him. So in this case this court will presume that the findings of fact in the decree are correct and are supported by the evidence as heard by the trial court.

We are of the opinion that the order of the chancellor in assessing the damage to be allowed to the defendants in their suit to dissolve the temporary injunction should be and is hereby affirmed.

*Judgment affirmed.*